IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL W. BASDEN,<br><br>   Plaintiff,<br><br> v.<br><br>AG GROWTH INTERNATIONAL, INC., d/b/a UNION IRON, INC., *and* SKYLAND GRAIN, LLC.,<br><br>   Defendants. | Case No. 3:12-cv-00041-JPG-PMF |

MEMORANDUM & ORDER

  In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Randall W. Basden:

1.  **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994).

Basden alleges Union Iron, Inc. is an Illinois corporation but fails to state the principal place of business of Union Iron, Inc.

2. **Failure to allege the citizenship of each member of an unincorporated association.**
To determine if complete diversity exists, the Court must examine the citizenship of each member of a partnership, whether limited or general members / an unincorporated association/ a limited liability company. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (partnerships and limited liability companies are citizens of every state of which any member is a citizen); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company. To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The Complaint must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Basden's Complaint alleges Skyland Grain, LLC, conducts business in Stanton, Kansas but fails to provide any information about the members of the LLC.

3. **Failure to allege the citizenship of an individual.** A Complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617

2

(7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000.

Although the Complaint states Basden is a "resident of Collinsville, Illinois," allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905); *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir.1996). The Court needs to know each party's state citizenship, which is to say domicile. *Denlinger v. Brennan*, 87 F.3d 214 (7th Cir.1996).

4. **Failure to allege complete diversity.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the opposing parties not be citizens of the same state. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

It appears from the Complaint that Basden and Union Iron, Inc. are both citizens of Illinois. The Court is unclear as to Skyland Grain, LLC because of the defect mentioned above.

The Court hereby **ORDERS** that Randall Basden shall have up to and including **February 10, 2012** to amend the faulty pleading to correct the jurisdictional defects. Failure to amend the faulty pleading may result in **dismissal** of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Basden is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:** February 2, 2012

s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**