IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL W. BASDEN, <br><br> Plaintiff, <br><br> vs. <br><br> AG GROWTH INTERNATIONAL, INC., and SKYLAND GRAIN, LLC, <br><br> Defendants. | Case No. 12-cv-41-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Skyland Grain, LLC's ("Skyland") motion to dismiss (Doc. 31). Plaintiff Randall W. Basden ("Basden") filed a response (Doc. 34) and Skyland filed a reply (Doc. 36).

On June 27, 2012, Skyland filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) alleging the Court lacks subject matter jurisdiction to hear this claim. Specifically, Skyland alleges that diversity of citizenship does not exist because Basden and Archer-Daniels-Midland Company ("ADM"), a member of Skyland, are both citizens of Illinois. Basden's response asserts that federal jurisdiction is proper because he plans to file an amended complaint alleging violations of the Federal Motor Carrier Safety Regulations.

Basden did file an amended complaint (Doc. 35) on July 30, 2012, alleging Occupational Safety and Health Administration ("OSHA") violations. Basden did not have leave of court or consent of the defendants when he filed his amended complaint. Thereafter, Skyland filed a reply to Basden's response, asserting this Court does not have federal question jurisdiction because the Occupational Safety and Health Act ("OSH Act") does not create a private right of

action. Thereafter, Skyland filed a motion to strike (Doc. 37) Basden's second amended complaint, and Basden filed a motion for leave to file his second amended complaint (Doc. 38).

First, the Court will address whether Basden may maintain his claim in federal court under the Court's federal question jurisdiction by asserting OSHA violations against the defendants. Federal district courts have original jurisdiction over claims arising under the laws of the United States. 28 U.S.C. § 1331. The OSH Act states as follows:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

29 U.S.C. § 653(b)(4). Accordingly, OSHA does not create a private right of action, and Basden has no federal cause of action. *See Elliott v. S.D. Warren Co.*, 134 F.3d 1, 4 (1st Cir. 1998). Thus, even if the Court granted leave for Basden to amend his complaint, he could not maintain his claim in federal court absent complete diversity. Accordingly, the Court will next address whether complete diversity exists in this case.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the cause of action is between citizens of different states. 28 U.S.C. § 1332(a)(1). "The citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Where a member of an LLC is a corporation, the party asserting diversity jurisdiction must allege the citizenship of the corporation. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006). A corporation is a citizen of the state in which it is incorporated *and* maintains its primary place of business. 28 U.S.C. § 1332(c)(1).

Here, Basden alleged that he is a citizen of Illinois.  Accordingly, for complete diversity to exist, neither Skyland nor Defendant AG Growth International can be a citizen of Illinois.  As both Skyland and Basden allege in their respective motion to dismiss (Doc. 31) and second amended complaint (Doc. 35), ADM, a corporation, is a member of Skyland.  ADM is a Delaware corporation with its principal place of business in Illinois.  Thus, for purposes of diversity jurisdiction, ADM is a citizen of Illinois.  Accordingly, because both Basden and a member of Skyland are citizens of Illinois, complete diversity does not exist and this Court does not have subject matter jurisdiction over Basden's claim.

Basden fails to properly invoke either federal question or diversity jurisdiction.  Thus, this Court lacks subject matter jurisdiction over his claim.  Accordingly, the Court **GRANTS** Skyland's motion to dismiss (Doc. 31) and **DISMISSES** without prejudice Basden's complaint.  Further, the Court **DISMISSES** the remaining motions (Docs. 37 & 38) as moot.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE:** August 21, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**